R. K. GEYER *v.* CHESAPEAKE & OHIO RAILWAY COMPANY

(No. 7339)

Submitted February 14, 1933.   Decided February 28, 1933.

*Fitzpatrick, Brown & Davis,* and *John A. Lila,* for plaintiff in error.

*F. R. Hill,* for defendant in error.

WOODS, JUDGE:

Plaintiff, who loaded a car with cattle at North Caldwell, W. Va., for shipment to Perkiomenville, Pa., via Clifton Forge, Va., recovered a judgment against the initial carrier for $240.00—the value of two "springer" cows lost in transit; and the carrier brings error.

In tracing the shipment, it appears that one of the cows was down when the car passed Waynesboro, Va., and that it died shortly after arrival at Shenandoah, where the cattle were unloaded for rest and feeding; the other was sick on reaching Hagerstown, Md., and died shortly after unloading there. Both cows were pregnant, being "four to six weeks from calf", and apparently in a healthy condition and capable of standing the trip. The first cow on removal showed evidence of having been trampled on; the second, a case of acute indigestion. The attending veterinarian at Hagerstown, stated that the latter animal's condition was nothing unusual, in view of her age and the advanced stage of pregnancy. It is admitted that the car was moved expeditiously, according to schedule, and was involved in no wrecks. The plaintiff did, however, seek to establish rough treatment by testifying to an experience in going over the "hump" (automatic weighing station) at Clifton Forge, Va.; and, in support of the contention that the car furnished was unfit, introduced testimony to the effect that the roof was bad and that there was a large amount of manure on the floor.

"The general rule making a carrier absolutely liable, save for the act of God and the public enemy, for the safe delivery of property committed to it for carriage is qualified when applied to live stock, and made subject to the further exception that it is not an insurer against injury resulting from the inherent nature or propensities of the animals, and without fault of the carrier." 4 R. C. L. 959. To same effect: *Talbott* v. *Payne, Director General, etc.,* 90 W. Va. 280, 111 S. E. 328.

Whether rough handling was shown depends upon the validity of the testimony of the owner to the effect that at some time previously he had gone over the hump at Clifton Forge with a car of his cattle and that the brakeman in charge permitted it to run down onto the main track and collide with other cars preceding it, thereby causing the cattle to be thrown into one end of the car. This testimony was objected to by the railroad company; and, as we view it, was improper under any circumstances of the case. This Court said in *Wilson* v. *Fleming*, 89 W. Va. 553, 109 S. E. 810: "Evidence of negligence on former occasions is inadmissible for the purpose of proving whether a person did or did not do a particular act in question." It is true that the brakeman who managed the car in question was not produced, since the carrier had no record of the name of the person performing such service. This testimony being improper, there is no evidence of rough handling.

The other evidence relied on by the shipper is the condition of the car at the time of the loading of the cattle. An examination of the record shows that the shipper made complaint to the agent of the initial carrier of the large amount of manure in the car. But a careful reading of his testimony shows such complaint to be directed largely at the weight of the manure. Plaintiff is not shown to have objected further after the agent had assured him that he would charge up 2500 pounds for the manure in the shipment and allow him credit therefor. The shipper thereupon placed sawdust in the car and loaded his cattle, making his own count. So, it would seem that he abandoned any complaint as to the condition of the car by such subsequent action on his part.

The several agents of the carriers, and the veterinarians, testified fully as to the movements of the car and the death of the two animals. There is nothing to show that death was attributable to any action or inaction on the part of the carriers. The evidence of the carriers, on the other hand, revealed a proper movement of the several trains to which the car in question was in turn attached. The rule that injury to the contents of a car raises a presumption of negligence in transportation without direct evidence of accident or improper handling, while applicable, with proper limitations, to

live stock, does not apply to injury such as animals ordinarily inflict upon each other, or which can be accounted for, or satisfactorily explained on some ground other than negligent management of the train, nor does it apply in case of death from natural or unknown causes. *Talbott* v. *Payne, Director General, etc., supra; Pennsylvania R. R. Co.* v. *Raiordon,* 119 Pa. St. 577, 13 A. 324.

In view of the record, we are compelled to set aside the verdict of the jury, the judgment thereon, and remand the case to the circuit court for a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*